**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 10-7506

IBRAHIM ABDULLAH JABBAR,

Plaintiff – Appellant,

v.

C. T. WOODY, Sheriff; CAPT. ROBINSON, Medical Dept. Sup.;
DR. FURMAN, Head Doctor, RCJ; DEPUTY HARRIS, Mailroom; NURSE
FORD, Medical Dept. RCJ; SGT. JONES, Grievance Coordinator;
LT. COLONEL BURNETT, Jail Operations; MAJ. ROBINSON, Medical
Dept. Supervisor; CAPT. MCREA, Jail Operations RCJ; CHAPLAIN
PRUITT, Under Sheriff, RCJ,

Defendants – Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.   T. S. Ellis, III, Senior
District Judge. (1:09-cv-00246-TSE-TCB)

Submitted: May 18, 2011            Decided:  May 25, 2011

Before WILKINSON, KING, and DIAZ, Circuit Judges.

Remanded by unpublished per curiam opinion.

Ibrahim Abdullah Jabbar, Appellant Pro Se.  Thomas Douglas Lane,
THOMPSON MCMULLAN PC, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ibrahim Jabbar seeks to appeal the district court's orders denying relief on his 42 U.S.C. § 1983 (2006) complaint. The district court's final order was entered on September 10, 2010. We construe Jabbar's notice of appeal as having been filed, at the earliest, on October 20, 2010, the date on his notice of appeal. See Fed. R. App. P. 4(c)(1); Houston v. Lack, 487 U.S. 266, 277 (1988). In his notice of appeal, Jabbar stated that he did not receive notice of the district court's order until October 19, 2010.[*]

Parties are accorded thirty days after entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6). This appeal period is "mandatory and jurisdictional." Browder v. Dir., Dep't of Corr., 434 U.S. 257, 264 (1978) (internal quotation marks and citation omitted); see also Bowles v. Russell, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement.").

---

[*] The record reflects Jabbar informed the district court of a change of address on September 11, 2010.

2

Jabbar's notice of appeal is clearly untimely. However, under Rule 4(a)(6), the district court may reopen the time to file an appeal if (1) the moving party did not receive notice of entry of judgment within twenty-one days after entry, (2) the motion is filed within 180 days of entry of judgment or within fourteen days of receiving notice from the court, whichever is earlier, and (3) no party would be prejudiced. We remand for the limited purpose of permitting the district court to determine whether Jabbar is entitled to the benefit of Rule 4(a)(6) to reopen the time to file an appeal. The record, as supplemented, will then be returned to this court for further consideration.

REMANDED